**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED VAN LINES LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-16-03276 |
| | § | |
| FRED HAJJAR, | § | |
| | § | |
| Defendant. | § | |

## ORDER DISMISSING STATE-LAW CLAIMS

United Van Lines, a moving company, sued Fred Hajjar, alleging that it had moved Mr. Hajjar's furniture and other household goods across state lines and that Mr. Hajjar refused to pay the contract rate. (Docket Entry No. 1). Mr. Hajjar filed a counterclaim asserting a variety of Texas state-law grounds. He alleges that United damaged many of his household goods. (Docket Entry No. 5). At the initial conference, the court ordered United to amend its complaint to clearly set out the basis for federal jurisdiction over this suit. United did so and directed the court to authority supporting federal jurisdiction.[1] (Docket Entry No. 16). The court granted United's motion to dismiss Mr. Hajjar's state-law counterclaims at the initial conference, without prejudice and with leave to amend, because the state-law claims were completely preempted by the Carmack Amendment to the Interstate Commerce Act, codified at 49 U.S.C. § 14706. The court instructed Mr. Hajjar to file an amended counterclaim setting out his Carmack Amendment claim. Mr. Hajjar filed an amended answer and counterclaim that went beyond the Carmack Amendment cause of action. (Docket Entry No. 17).

At the initial conference, Mr. Hajjar conceded that the Carmack Amendment governed his

---

[1] *See Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*, 460 U.S. 533 (1983).

claims. He concedes that the Carmack Amendment governs his claims in his amended counterclaim. (Docket Entry No. 17 at ¶ 32). Nonetheless, Mr. Hajjar's counterclaim asserts state-law contract and fraud claims and demands attorney's fees under Texas law. These claims are preempted.

The Fifth Circuit has held that the Carmack Amendment provides "the *exclusive* cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier." *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir. 2003) (emphasis added). The statute bars state-law claims for loss or damage to property shipped in interstate commerce. Applying this rule, the circuit has held that state-law actions including "1) the tort of outrage, 2) intentional and negligent infliction of emotional distress, 3) breach of contract, 4) breach of implied warranty, 5) breach of express warranty, 6) violation of the Texas Deceptive Trade Practices Act sections 17.46 and 17.50, 7) slander, 8) misrepresentation, 9) fraud, 10) negligence and gross negligence, and 11) violation of the common carrier's statutory duties as a common carrier under state law" are preempted. *Id.* at 777 (citing *Moffit v. Bekins Van Lines Co.*, 6 F.3d 305, 306 (5th Cir. 1993)).

United's motion to dismiss, (Docket Entry No. 20), is granted. Mr. Hajjar's state-law contract and fraud claims, as well as his state-law claim for attorney's fees, are dismissed with prejudice because they are preempted by the Carmack Amendment. Mr. Hajjar's Carmack Amendment claim and request for attorney's fees under 49 U.S.C. § 11711 may proceed.

SIGNED on April 10, 2017, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge